

# Fourth Court of Appeals
## San Antonio, Texas

**DISSENTING OPINION**

No. 04-18-00231-CV

**IN RE ACCEPTANCE INDEMNITY INSURANCE COMPANY**

Original Mandamus Proceeding[1]

Opinion by: Marialyn Barnard, Justice
Dissenting Opinion by: Rebeca C. Martinez, Justice

Sitting:      Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice
              Irene Rios, Justice

Delivered and Filed: September 26, 2018

I dissent from the majority's conditional grant of mandamus relief because I do not believe the matter in dispute falls within the scope of the appraisal clause contained in the insurance policy. The key term in the appraisal clause is the "amount of loss." The trigger for the mutual right to invoke the appraisal clause is if Acceptance and the insureds "disagree on the amount of loss."

In its motion to compel appraisal, Acceptance broadly states that the "gatekeeper issue for all of Plaintiffs' claims is the 'amount of loss,'" which phrasing is tied to its invocation of the appraisal clause. However, the record shows that the current issue in dispute with respect to the appraisal clause is not "the amount of loss," i.e., the valuation of the property damage, but rather

---

[1] This proceeding arises out of Cause No. 2017-CI-14954, styled *Agrestic I, LP and Tiberious, LLC v. Acceptance Indemnity Insurance Company, Crawford & Company, and Danny Brown*, pending in the 150th Judicial District Court, Bexar County, Texas, the Honorable Cathleen M. Stryker presiding.

the failure of Acceptance to *also* pay the general contractor JMI's overhead and profit and taxes.[2] Indeed, in its motion to compel, Acceptance states that it "has paid $752,567 on the claim, representing *the undisputed amount of loss*" minus the insureds' deductible. Acceptance characterizes the current dispute as based on the insureds' continued demand for "payment based on JMI's estimate." At the hearing on its motion to compel, counsel for Acceptance specified that the dispute between the parties was over its denial of payment for the "overhead and profit." Thus, the record shows the relevant dispute in the underlying cause over Acceptance's refusal to also pay JMI's overhead and profit and taxes is separate from the actual "amount of the loss," and falls outside the scope of the appraisal clause. Under this interpretation, the court would not reach the analysis on waiver on which the majority opinion is based.

I would hold the trial court did not clearly abuse its discretion by denying relator's motion to compel appraisal under the terms of the property insurance policy.

Rebeca C. Martinez, Justice

---

[2] JMI's estimate of $1,206,734.72 for the property damage repair included overhead and profit, and taxes. The estimates that Acceptance obtained from its two preferred providers did *not* include overhead and profit and taxes.